UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 2:24-CR-87 |
| v. | ) |
| | ) 18 U.S.C. § 1349 |
| DAMONE J. SCOTT | ) |

## PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, come now the United States of America, by its counsel, Tina L. Nommay, Acting United States Attorney for the Northern District of Indiana, through Francis Sohn, Assistant United States Attorney, and the defendant, Damone J. Scott, and Peter L. Boyles, as attorney for the defendant, and apprise the Court that they have entered into a plea agreement as follows:

1.  I, Damone J. Scott, have the ability to read, write, and speak the English language.

2.  I have received a copy of the Indictment. I have read and discussed it with my lawyer, and I believe and feel that I understand every accusation made against me in this case.

3.  I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and I believe and feel that my lawyer is fully informed as to all such matters. My

1

lawyer has counseled and advised me as to the nature and elements of the accusations against me and as to any possible defenses I might have.

4. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

5. I understand that by pleading guilty I waive certain rights. The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

- a. If I persisted in a plea of not guilty to the charges against me, I would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. I have the right to a jury trial. However, I may waive a jury trial in writing with the approval of the Court and the consent of the government.

- b. If the trial is a jury trial, the jury would be composed of twelve people selected at random. My attorney and I would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt, and that it was to consider each count of the Indictment separately.

- c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of my guilt beyond a reasonable doubt.

  d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me. I would be able to confront those government witnesses and my attorney would be able to cross-examine them. In turn, I could present witnesses and other evidence on my own behalf. If the witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

  e. At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify. If I desired to do so, I could testify on my own behalf.

  f. At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney, one would be appointed for me.

  g. In the event that I should be found guilty of a charge against me, I would have the right to appeal my conviction on such charge to a higher court.

  6. I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after consideration of a pre-sentence investigation report, input from counsel for me and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

7.  Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

   a.  I will plead guilty to Count 1 of the Indictment charging me with one count of conspiracy to commit wire fraud that affects a financial institution, in violation of Title 18, United States Code, Section 1349, because I am, in fact, guilty of this offense.

   b.  I understand that the maximum possible penalties that may be imposed upon me for my conviction of the offense of conspiracy to commit wire fraud are as follows:

   | Count | Prison | Fine | Supervised Release |
   | --- | --- | --- | --- |
   | 1 | 30 years | $1,000,000 | 5 years |

   I further understand that a special assessment of $100 will be imposed in addition to any other penalty. I also understand that under a term of supervised release, I would have to live my life under certain conditions set by the Court, and should I violate any of those conditions, the Court could revoke the supervised release and sentence me to serve an additional term of imprisonment.

   c.  The following agreements in this paragraph are submitted to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and are not binding upon the Court. I understand this means that if the Court refuses to follow the recommendations set forth in this paragraph, I will not be allowed to withdraw my guilty plea:

      i.  For purposes of calculating the U.S. Sentencing Guidelines, the parties agree that, **at a minimum**, the following offense level calculations apply to me (based upon the November 1, 2023 Guidelines Manual):

         A.  My base offense level under U.S.S.G. § 2B1.1(a)(2) is 7.

        B.       I agree that, at least a 10-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(F) applies because my offense conduct and the conduct of my co-conspirators that was known or reasonably foreseeable to me resulted in a loss greater than $150,000.

        C.       The parties agree that in recognition of my acceptance of responsibility for my offense conduct, I am entitled to a two-level reduction in offense level. The parties further agree that I have assisted authorities in the investigation or prosecution of my own misconduct by timely notifying the United States Attorney's Office of my intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, and we agree that if my offense level is 16 or greater, the government will move at sentencing for me to receive an additional one-level reduction in offense level. However, I understand that the government's obligation to recommend acceptance of responsibility under this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility; should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility. I further understand the Court is not bound by this recommendation and that the Court makes the final decision regarding my receipt of a reduction in offense level for acceptance of responsibility.

    ii.    At the time of sentencing, the United States Attorney will recommend that I receive a sentence of imprisonment at the minimum of the applicable sentencing guideline range, said guideline range to be determined by the Court.

d.    At the time of sentencing, the United States will move the Court to dismiss the remaining counts of the Indictment against me.

5

e. I agree to pay restitution to the victim(s) of the offense conduct described in the Indictment and all relevant conduct, in an amount to be determined by the Court, but in any event no less than $13,100, which represents the actual loss amount currently known to the parties. I acknowledge that restitution shall be due immediately and paid pursuant to a schedule to be set by the Court at sentencing. I understand that a payment schedule imposed by the Court establishes only a minimum obligation, and it does not preclude the United States Attorney's Office from pursuing any other means to collect the restitution judgment pursuant to federal and state law.

f. I agree to the entry of a monetary judgment against me in an amount to be determined by the Court, but in any event no less than $6,550, which represents the amount of proceeds currently known to the parties that I derived from the commission of the offense to which I am pleading guilty and all relevant conduct. I further consent to the entry of orders of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2. Pursuant to Rule 32.2(b)(4), I agree that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to me at the time it is entered. I also hereby agree to waive all constitutional, statutory, and procedural challenges in any manner (including direct appeal, *habeas corpus*, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds.

g. I expressly authorize the U.S. Attorney's Office to obtain a credit report to evaluate my ability to satisfy any financial obligation imposed by the Court. I agree, upon request by the U.S. Attorney's Office, to submit within 30 days of the request, a completed financial statement to the U.S. Attorney's Office in a form it provides and as it directs. I promise that the financial statement and disclosures will be complete, accurate, and truthful, and I understand that any willful falsehood on the financial statement will be a separate crime and may be punished under Title 18, United States Code, Section 1001 by an additional five years' incarceration and fine.

h. I understand that the government has reserved the right to tell the Court the good things about me and the bad things about me, and

to fully inform the Court of the nature and extent of my offense, including information about relevant conduct that is not expressly described herein, as well as the full extent of my criminal history.

i. I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offenses as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

8. I am prepared to state to the Court the facts in this matter that cause me to believe that I am guilty of Count 1 in the Indictment. I acknowledge that I am only providing a summary of the events herein. In connection with my guilty plea, I admit the following facts:

> Beginning in or about June 2023, I recruited Paula ROBLES, William BONAPARTE III, Dantzler NEWELL III, and others and entered into an agreement with them to participate in a scheme to deposit fraudulently created or endorsed checks at various financial institutions in the Northern District of Indiana and elsewhere. I paid these individuals for their efforts.

7

Between November 4, 2022 and June 23, 2023, I obtained an authentic Treasury check in the amount of $66,354 made out to Victim 3 and 4. On or about June 23, 2023, I caused an account to be opened at Financial Institution 2 in the name of Victim 3, to which the name of Victim 4 was subsequently added without Victim 3 or 4's knowledge or consent. The account was opened using fraudulent documents that I provided, and was connected with a fraudulent email address in the name of Victim 3 that I controlled. On or about June 26, 2023, I caused the address on the account to be changed to my personal address in Lombard, Illinois. Shortly thereafter, I caused the $66,354 Treasury check to be deposited into the fraudulently created account utilizing an interstate wire communication.

On or about June 29, 2023, I caused an account to be opened at Financial Institution 3 in the name of Victim 3. I caused a fraudulent cashier's check to be deposited into that account, and subsequently caused $225 to be withdrawn via electronic transfer.

On or about July 3, 2023, I entered a branch of Financial Institution 1, where I opened a checking account in my name using false documents. I obtained a cashier's check, which I provided to Associate 1, who altered the check to change the amount and the payee and used it to produce numerous altered checks. I subsequently worked with Associate 1 and with NEWELL to cause the altered checks to be deposited into accounts belonging to various individuals, including an account belonging to Individual A. I knew and understood that Associate 1 also worked with other individuals, including Jamarcus M. WALKER, to cause these altered checks to be deposited. In total, working with Associate 1, I caused approximately $49,250 in fraudulent checks to be presented for payment in this manner between July 12, 2023 and July 14, 2023.

On or about July 3, 2023, I also picked up ROBLES and BONAPARTE from their residences in Illinois and drove them to Hammond, Indiana, where we met with Associate 2, who provided me with an envelope containing fake IDs in the names of the Victim 1 and Victim 2, but with the pictures of ROBLES and BONAPARTE. Associate 2 also provided me with an authentic United States Treasury Check with a value of $76,582 in the name

8

of Victim 1 and Victim 2. I subsequently drove ROBLES and BONAPARTE to the previously-referenced branch of Financial Institution 1, provided them with the materials I received from Associate 2, and directed them to open an account at Financial Institution 1 and deposit the check under the guise that ROBLES and BONAPARTE were Victim 1 and Victim 2. I communicated with BONAPARTE via text message during the account opening and deposit process.

9. I understand that if I violate any of the provisions of this plea agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States may at its option either: (1) ask the Court to make a determination that I have breached a term in this agreement, in which event I will at sentencing lose the benefit of **all** the non-binding promises made by the government in this agreement, and I would have no right to withdraw my guilty plea; or (2) the United States could seek to have the Court declare this entire plea agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed. In the event that the Court finds I have breached this agreement, I understand that any statements and information I have provided pursuant to this agreement or otherwise, and any information and evidence derived therefrom, may be used against me in this or any other prosecution or proceeding without limitation. Such statements and information include, but are not limited to, the plea agreement itself, the factual basis statement, statements made to law enforcement agents or prosecutors, testimony before a grand jury or other

tribunal, statements made pursuant to a proffer agreement, statements made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure (including my entry of the guilty plea), and statements made in the course of plea discussions. I expressly and voluntarily waive the protection afforded by Federal Rule of Evidence 410 as to any statements made by me personally (but not as to statements made by my counsel).

10. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

11. I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and that no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

12. I understand and acknowledge that this agreement, once filed with the Court, is a public document and available for public viewing.

By: */s/ Damone J. Scott*
Damone J. Scott
Defendant

By: */s/ Peter L. Boyles*
Peter L. Boyles
Attorney for Defendant

APPROVED:

Tina L. Nommay
Acting United States Attorney

By: */s/ Francis Sohn*
Francis Sohn
Assistant United States Attorney