**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>**DAMONE J. SCOTT**<br><br>　　　　　　　Defendant. | **CASE NUMBER: 2:24CR87-001**<br>**USM Number: 44039-511**<br><br><br>**PETER L BOYLES - FCD**<br>**DEFENDANT'S ATTORNEY** |

**JUDGMENT IN A CRIMINAL CASE**

**THE DEFENDANT** pleaded guilty to count 1 of the Indictment on April 8, 2025.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense:

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18:1349 CONSPIRACY TO COMMIT WIRE FRAUD and FORFEITURE ALLEGATIONS | July 2024 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count 2 of the Indictment is DISMISSED on the motion of the United States.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

July 15, 2025
Date of Imposition of Judgment

s/ Philip P. Simon
Signature of Judge

Philip P. Simon, United States District Judge
Name and Title of Judge

July 15, 2025
Date

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **46 months.**

The Court makes the following recommendations to the Bureau of Prisons:

That the defendant receive credit for time served.
That the defendant be placed at the facility located at Milan, Michigan
That the defendant receive vocational training at the BOP facility
That the defendant be permitted to participate in the RDAP Program
That the defendant be permitted to participate in the Prison Industries Program
That the defendant receive mental health evaluation and treatment while incarcerated
That the defendant be enrolled in the Residential Re-entry Program as soon as he becomes eligible.

The defendant is REMANDED to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

 Defendant delivered _____ to _____ at _____, with a certified copy of this judgment.

                   _____
                   UNITED STATES MARSHAL

               By: _____
                  DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **TWO (2) YEARS.**

Within 72 hours of the judgment or after the defendant's release from the custody of the Bureau of Prisons, defendant shall report in person to the nearest United States Probation Office for this district between the hours of 8:00 a.m. and 4:30 p.m. While the defendant is on supervision pursuant to this judgment, the defendant shall comply with the following conditions:

## MANDATORY CONDITIONS OF SUPERVISION

1. Defendant shall not commit another federal, state or local crime.

2. Defendant shall not unlawfully use, possess, or distribute a controlled substance.

3. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic tests thereafter for use of a controlled substance.

4. Defendant shall cooperate in the collection of DNA as directed by the probation officer.

## DISCRETIONARY CONDITIONS OF SUPERVISION

While on supervision, the defendant shall comply with the following discretionary conditions:

1. The defendant shall not knowingly leave the federal judicial district without the permission of the court or probation officer. The probation office will provide a map or verbally describe the boundaries of the federal judicial district at the start of supervision.

2. The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. Thereafter, the defendant shall report to the probation officer in the manner and as frequently as reasonably directed by the court or probation officer during normal business hours.

3. The defendant shall not knowingly answer falsely any inquiries by the probation officer. However, the defendant may refuse to answer any question if the defendant believes that a truthful answer may incriminate him.

4. The defendant shall follow the instructions of the probation officer as they relate to the conditions as imposed by the court. The defendant may petition the Court to seek relief or clarification regarding a condition if he believes it is unreasonable.

5. The defendant shall make reasonable effort to obtain and maintain employment at a lawful occupation unless he is excused by the probation officer for schooling, training, or other acceptable reasons such as child care, elder care, disability, age or serious health condition.

6. The defendant shall notify the probation officer at least ten days prior to any change in residence or any time the defendant leaves a job or accepts a job. In the event that a defendant is involuntarily terminated from employment or evicted from a residence, the offender must notify the Probation Officer within forty-eight (48) hours.

7. The defendant shall not knowingly and intentionally be in the presence of anyone who is illegally selling, using or distributing a controlled substance and if such activity commences when he is present, the defendant must immediately leave the location.

8. The defendant shall not meet, communicate, or otherwise interact with a person whom he knows to be engaged or planning to be engaged in criminal activity.

9. The defendant shall permit a probation officer to visit him at any time at home or any other reasonable location between the hours of 8:00 a.m. and 10:00 p.m. and shall permit confiscation of any contraband observed in plain view by the probation officer.

10. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

11. The defendant shall not enter into any agreement to act as an informant for a law enforcement agency without the permission of the court.

12. The defendant shall notify the probation officer within 72 hours of any material change in his economic circumstances that might affect his ability to pay any unpaid amount of restitution and fines. Additionally, the defendant shall provide a probation officer with specific financial information regarding the defendant's ability to pay restitution, forfeiture, or a fine, upon a written or oral request by a probation officer, made to and approved by the Court. The request must be prompted by the defendant's failure to comply with a payment schedule ordered for a period of 60 consecutive days, and the request must describe the specific financial information needed for determining the defendant's current ability to pay.

13. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

14. The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which may include testing for the detection of alcohol, controlled substances, or illegal mood-altering substance, if necessary after evaluation at the time of release. The defendant shall pay all or part of the costs for participation in the ordered program not to exceed his ability to pay for it. Failure to pay due to financial inability to pay shall not be grounds for revocation.

**Conditions relating to financial crimes**

15. The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the defendant is in compliance with the installment payment schedule imposed for payment of restitution and/or a fine.

**Restitution and fines**

16. The defendant is ordered to pay restitution in the total amount of $13,325, of which $13,100 is owed to BMO Harris Bank and to be paid in joint and several liability with co-defendants Dantzler Newell and Jamarcus Walker, and $225 is owed to First Financial Bank (of Cincinnati, Ohio) for which the defendant is solely responsible. Restitution shall be paid at a minimum rate of $100 per month commencing one month after placement on supervision until said amount is paid in full. The imposed payment schedule will remain in effect until such time as the defendant, victim, or Government notifies the Court that there has been a material change in the defendant's ability to pay.

The defendant is advised that he may pay any portion of this fine/restitution from any wages earned in prison in accordance with the Bureau of Prisons Inmate Financial Responsibility Program. The defendant is also advised that participation in the program is voluntary. The defendant should note that failure to participate in the Financial Responsibility Program while incarcerated may result in the denial of certain privileges to which he might otherwise be entitled while imprisoned, and that the Bureau of Prisons has the discretion to make such a determination.

Any portion of the fine/restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision.

Based on a thorough review of the defendant's financial condition as detailed in the presentence report, the Court finds that the defendant does not have the ability to pay a fine. The Court will waive the fine in this case.

The defendant shall pay to the United States a total special assessment of $100, which shall be due immediately. (18 U.S.C. §§ 3013.)

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $100 | NONE | $13,325 |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320. The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

Restitution in the total amount of $13,325 is hereby imposed.

The defendant shall make restitution payments payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320, for the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | Amount |
|---|---|
| BMO Harris Bank | $13,100 |
| First Financial Bank (of Cincinnati, Ohio) | $225 |
| **Totals** | $13,325 |

## SCHEDULE OF PAYMENTS

The defendant is ordered to pay restitution in the total amount of $13,325, of which $13,100 is owed to BMO Harris Bank and to be paid in joint and several liability with co-defendants Dantzler Newell and Jamarcus Walker, and $225 is owed to First Financial Bank (of Cincinnati, Ohio) for which the defendant is solely responsible. Restitution shall be paid at a minimum rate of $100 per month commencing one month after placement on supervision, until said amount is paid in full. The imposed payment schedule will remain in effect until such time as the defendant, victim, or Government notifies the Court that there has been a material change in the defendant's ability to pay.

Name: <u>DAMONE J. SCOTT</u>
Docket No.: <u>2:24CR87-001</u>

# ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____        _____
Defendant                                Date


_____        _____
U.S. Probation Officer/Designated Witness    Date